UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TROVILLION CONSTRUCTION &
DEVELOPMENT, INC.,

    Plaintiff,

v.                                           Case No.  6:12-cv-914-Orl-28TBS

MID-CONTINENT CASUALTY COMPANY,

    Defendant.

## ORDER

Pending before the Court is the parties' Emergency Joint Motion for Extension of Time.  (Doc. 59.)  The motion is due to be granted in part and denied in part.

The current discovery deadline is July 19, 2013; dispositive motions are due by August 1, 2013; and this case is set on the Court's January 6, 2014 trial docket.  (Doc. 49.)  Plaintiff has noticed the deposition duces tecum of Defendant's corporate representative in Tulsa, Oklahoma on July 16, 2013.  On July 8, Defendant filed an emergency motion for protective order to limit the scope of the deposition.  (Doc. 58.)  Plaintiff has until July 25, 2013 to file its response to the motion for protective order.

The parties explain that if Defendant is deposed on July 16 and the Court subsequently denies the motion for protective order, then they will have to take a second deposition of Defendant in Tulsa.  To avoid the possibility that they will incur the expense for a second deposition, the parties are asking the Court to extend the discovery deadline to August 19, 2013 and the dispositive motions deadline to September 6, 2013.

This is the second time in less than a week that an "emergency" motion has been filed int his case. Dictionary.com defines an "emergency" as "a sudden, urgent, usually unexpected occurrence or occasion requiring immediate action." Http://dictionary.reference.com/browse/emergency?s=ts. The Court does not know why the deposition of Defendant was not scheduled until fifteen days before the close of discovery or why the current discovery dispute is sudden, urgent or unexpected. When a party files an emergency motion Chambers stops whatever it is doing and focuses on the motion. Fortunately, emergencies are extraordinary in general civil litigation between corporations.[1] When the Court receives an "emergency" motion, it asks itself if the movant has alleged an immediate, urgent threat of irreparable harm to people or property. Here, the answer is "no." The parties' motion does not allege an emergency and, if counsel continue to designate non-emergency motions as emergencies, they risk sanctions.

The requested extension of the discovery deadline should not delay the final resolution of this controversy by the Court. Accordingly, the parties' motion to extend the discovery deadline to August 1, 2013 is GRANTED. An extension of the dispositive motions deadline to September 6, 2013, will not leave the Court with sufficient time to rule on dispositive motions in advance of trial. Therefore, the motion to extend the deadline for filing dispositive motions to September 6, 2013 is DENIED. The Court will only extend the dispositive motions deadline to August 14, 2013.

IT IS SO ORDERED.

---

[1] Sadly, emergencies are common in state domestic relations court where violence and the removal of children beyond the jurisdiction of the court occur with depressing regularity.

DONE AND ORDERED in Orlando, Florida, on July 10, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel