UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TROVILLION CONSTRUCTION &
DEVELOPMENT, INC.,

    Plaintiff,

v.                                        Case No. 6:12-cv-914-Orl-28GJK

MID-CONTINENT CASUALTY COMPANY,
and CASA JARDIN CONDOMINIUM
ASSOCIATION, INC.,

    Defendants.
_____

## ORDER

Pending before the Court is Defendant, Mid-Continent Casualty Company's Motion to Strike Plaintiff's Amended Rule 26(a)(1) Disclosures (Doc. 65). The motion is due to be DENIED.

Less than a week prior to the close of discovery, Plaintiff served amended FED. R. CIV. P. 26(a)(1) disclosures on Mid-Continent. (Id. p. 1, 6). The amended disclosures add the following new witnesses: Pedro E. Hernandez, Chris Zeman, Jason Bruce, Dana Hassin, and the corporate representative of Dart Engineering, LLC. (Id. p. 1, 4). Mid-Continent seeks to strike these individuals and a report prepared by Dart on the ground that Plaintiff's amendment was untimely. Federal Rule of Civil Procedure 26(e) provides for the supplementation of the parties' Rule 26(a)(1) disclosures in a timely manner unless the additional or corrective information was made known to the other party during the discovery process, in writing, or as ordered by the court. FED. R. CIV. P. 26(e).

Plaintiff admits it has already deposed Zeman, Bruce and Hassin and that the addition of their names does not result in any prejudice. (Doc. 65, p. 4). Accordingly, the motion to strike these individuals is DENIED.

Hernandez is one of the attorneys representing Mid-Continent in this litigation. He signed and sent a letter to Plaintiff on behalf of Mid-Continent, informing Plaintiff that Mid-Continent was denying insurance coverage. A copy of the letter is Exhibit 11 to Plaintiff's Second Amended Complaint and thus, Hernandez' involvement in the case comes as no surprise to Mid-Continent. (Doc. 48-8). Nevertheless, it argues that its attorney should not be listed as a potential witness because Plaintiff cannot show that his testimony is necessary or that it cannot be obtained from other sources. (Doc. 65, p. 3) (citing United States v. Crockett, 506 F.2d 759, 760-61 (5th Cir. 1975)). ("As a general rule, a party's attorney should not be called as a witness unless his testimony is both necessary and unobtainable from other sources.").[1]

The motion is premature. Plaintiff has identified Hernandez as a person who is likely to have discoverable information Plaintiff may use to support its claims or defenses. Plaintiff has not attempted to depose Hernandez or call him as a witness. If Plaintiff does call Hernandez as a witness, the Court can deal with Mid-Continent's objections at that time. Accordingly, the motion to strike Hernandez is DENIED.

Plaintiff admits that a copy of the report prepared by Dart Engineering, LLC was produced to it during discovery. (Doc. 65, p. 5). But, it argues that it relied on

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent, all decisions of the Fifth Circuit handed down prior to the close of business on September 30, 1981.

Plaintiff's Rule 26(a)(1) disclosures to decide what depositions were needed. (Id.). Once it realized Dart may be a witness at trial, Mid-Continent attempted to schedule a deposition however, Dart's corporate representative is not available until after the close of discovery and he demands an expert witness fee for his time. For these reasons, Mid-Continent argues that Plaintiff's "belated disclosure" of Dart is not harmless and that there is no substantial justification for Plaintiff's delay in amending its Rule 26(a)(1) disclosures. (Doc. 65, p. 6). Plaintiff has made a prima facie showing that Mid-Continent has been in possession of a copy of the Dart report for more than two months prior to the close of discovery. (Doc. 68, p. 2). In addition, Mid-Continent furnished a copy to one of its own expert witnesses for use in formulating his opinions. (Doc. 68-1, p. 4). Accordingly, Mid-Continent has no basis to complain and it's motion to strike the corporate representative of Dart and the Dart report is DENIED.

    IT IS SO ORDERED.

    DONE AND ORDERED in Orlando, Florida, on August 20, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel