UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TROVILLION CONSTRUCTION &
DEVELOPMENT, INC.,

     Plaintiff,

v.                                        Case No.  6:12-cv-914-Orl-28GJK

MID-CONTINENT CASUALTY COMPANY,
and CASA JARDIN CONDOMINIUM
ASSOCIATION, INC.,

     Defendants.
_____

<u>ORDER</u>

     This case comes before the Court without oral argument on Defendant, Mid-Continent Casualty Company's ("Mid-Continent") Motion to Strike in Part Affidavit of Michael Klimas (Doc. 78).  The motion is due to be GRANTED in part and DENIED in part.

I.  Background

     In 2010, the Casa Jardin Condominium Association, Inc. ("Association") filed suit in state court against Trovillion Construction & Development, Inc. ("Trovillion") and Casa Jardin Development Company, LLC alleging they were responsible for the negligent design, development, construction and sale of the Casa Jardin Condominium complex.  (Doc. 2-9).  Trovillion requested a defense and indemnity from its insurers, Endurance American Speciality Insurance Company ("Endurance") and Mid-Continent.  (Doc. 2, ¶¶ 12-13, Doc. 56-1).  Mid-Continent investigated the Association's lawsuit under a reservation of rights and denied coverage.  (<u>Id</u>., ¶ 15).

Endurance provided coverage and together with Trovillion, settled the Association's state court claims.  (Doc. 56-1).  Those parties agreed to the entry of a consent judgment against Trovillion and that the Association would not record or execute on the consent judgment.  (Id.).

Trovillion brings this lawsuit against Mid-Continent for a declaratory judgment that its denial of insurance coverage was unfounded (Count I); and for breach of certain policies of insurance (Count II).  (Doc. 48).  Mid-Continent invoked the Court's diversity jurisdiction to remove the case from state court to this Court.  (Doc. 1).

When it made its FED.R.CIV.P. 26(a)(1) disclosures, Trovillion identified Michael Klimas as a fact witness.  (Doc. 78, p. 1-2).  Mr. Klimas is a certified Florida general contractor with over 35 years experience in construction management and over 28 years experience supervising construction professionals.  (Doc. 78-4, p. 56).  He is a member of Keene Klimas Consultant Group (the "Consultant") which, among other things, provides expert consultation and claims analysis for parties to litigation.  (Id. p. 57).  He has been deposed approximately 20 times in his capacity as a retained expert witness and he has testified as an expert witness in court on at least four occasions.  (Doc. 78-3 p. 7, 13).

In 2011, one of the attorneys for Trovillion engaged the Consultant and Mr. Klimas in particular, as an expert in the state court case.  (Doc. 78-1).  On August 31, 2011, the Consultant issued its initial preliminary report on the dispute between the Association and Trovillion.  (Doc. 78-1).  On November 10, 2011, Mr. Klimas was deposed in the state court action.  (Doc. 78-3).  He testified that he had no opinion on

some issues and that on other issues he had not finalized his opinions. (Id., p. 14-16, 18-19, 33-35, 38-43, 62, 66-69, 72-78, 83-84, 96, 100-104). The Consultant issued a second, updated preliminary report on June 25, 2012. (Doc. 78-2). The Consultant never prepared a final report for the state court case. (Doc. 81, ¶ 6).

Discovery closed on July 19, and on August 14, 2013, Trovillion filed its motion for summary judgment, which includes an affidavit by Mr. Klimas. (Docs. 49, 66). In paragraph 9 of his affidavit, Mr. Klimas states:

> The types of defects and property damage identified in the DART report are consistent with the types of property damage I personally inspected.
>
> * * *
>
> Additionally, they are the types of defects that would have been discoverable through a reasonably-prudent engineering investigation, as in fact they were, as evidenced in part by the DART report.
>
> Finally, in my review of the project file and documents provided to me, there was further evidence that water intrusion causing property damage was evident to the homeowners and discussed at their homeowner meetings by April 2008.

(Doc. 66-11, ¶ 9).

Mid-Continent claims that these statements go well beyond what it anticipated Mr. Klimas would testify to and show that he has expanded upon the opinions he offered in the state court case. (Doc. 78, p. 4). Mid-Continent is asking the Court to strike these three statements on the ground that they are inadmissible under Federal Rules of Evidence 701 and 702. It has not deposed Mr. Klimas or otherwise sought to discover his anticipated testimony in this case. (Id., ¶ 2).

The DART report Mr. Klimas refers to was prepared by Dart Engineering, LLC on April 13, 2005, for the residents of one of the units in the Case Jardin Condominium complex. (Doc. 67-31). Dart Engineering holds itself out as a company that provides owner representation, claims, litigation, and expert witness services. (Id.). The DART report identifies problems with the homeowner's unit including improper installation of a fireplace facing and mantle; cracks in master bathroom tile grout and some caulked areas; leaking exterior doors; the efficiency of the air conditioning system; and other less serious workmanship and warranty items. (Id.). Dart Engineering also opines that the rooftop terrace does not properly drain due to poor design and construction; parapet walls at the rooftop terrace are exhibiting a white residue of salts and minerals that naturally exist in stucco and concrete that were being transported by water bleeding out of the walls; water running off of a copper roof that falls directly onto the rooftop terrace staining the floor and walls; and cracks in a stairwell wall. (Id.)

II. Applicable Legal Standards

Federal Rule of Civil Procedure 26(a)(2)(A) requires parties to disclose the identity of any witness they may use at trial to present evidence under Federal Rules of Evidence 702 and 703. Rule 701 delineates the circumstances in which a witness who is not testifying as an expert can testify in the form of an opinion. It provides that lay opinion testimony cannot be based on scientific, technical, or other specialized knowledge. Advisory Comm. on Evidence Rules, Proposed Amendments to the Federal Rules of Evidence, 192 F.R.D. 340, 384 (2000). "[T]he distinction between

lay and expert witness testimony is that lay testimony 'results from a process of reasoning familiar in everyday life,' while expert testimony 'results from a process of reasoning which can be mastered only by specialists in the field.'" FED.R.EVID. 701, Advisory Committee Notes, 2000 Amendments (quoting State v. Brown, 836 S.W.2d 530, 549 (Tenn. 1992)).

Federal Rule of Evidence 702 lists the requirements for a witness who is qualified as an expert to testify in the form of an opinion. Any part of a witness's testimony that is based on scientific, technical, or other specialized knowledge within the scope of Rule 702 is governed both by the standards of Rule 702 and the disclosure requirements of FED.R.CIV.P. 26(a)(2). 192 F.R.D. at 416-417.

Federal Rule of Civil Procedure 37 provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1).

III. Analysis

Mid-Continent argues that Mr. Klimas' affidavit testimony is based upon his expertise as a general contractor and therefore, because he was only disclosed as a fact witness, his testimony should be limited to the opinions he gave in the state court case up through the date the consent judgment was entered. (Doc. 78, p. 4). It says to the extent paragraph 9 of Mr. Klimas' affidavit goes beyond his personal knowledge of what he opined to in the state court case he is attempting to provide expert

testimony under Rule 702 that is inadmissible because Trovillion did not disclose that he would be testifying as an expert, as required by FED.R.CIV.P. 26(a)(2).

Trovillion does not claim that Mr. Klimas ever opined in the state court case that: "The types of defects and property damage identified in the DART report are consistent with the types of property damage I personally inspected." Instead, it argues that no expertise is required to make this statement. (Doc. 81, ¶ 5). The Court disagrees. Here, we have one expert saying he reviewed a different expert's report, and in his view, their opinions about the types of property damage present at the Casa Jardin Condominium complex are consistent. In making this statement Mr. Klimas is necessarily rendering an opinion based upon his own specialized knowledge of design and construction. Because Mr. Klimas was not disclosed as an expert witness, this sentence in paragraph 9 of his affidavit is STRICKEN. Armenian Assembly of Am., Inc. v. Cafesjian, 746 F. Supp. 2d 55, 65 (D.D.C. 2010) (under Rule 701, "a lay witness who is not qualified as an expert may not give opinions that are based on his or her specialized knowledge, even if those opinions were also based on his or her personal knowledge"); Cooper v. Southern Co., 390 F.3d 695, 728 (11th Cir. 2004) ("Because the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise, compliance with the requirements of Rule 26 is not merely aspirational." (internal citation omitted)), overruled on other grounds, Ash v. Tyson Foods, Inc., 546 U.S. 454 (2006); Reese v. Herbert, 527 F.3d 1253, 1265 (11th Cir. 2008) ("[T]he expert disclosure rule is intended to provide opposing parties 'reasonable opportunity to prepare for effective

cross examination and perhaps arrange for expert testimony from other witnesses.'" (quoting <u>Sherrod v. Lingle</u>, 223 F.3d 605, 613 (7th Cir. 2000))).

Next, Mid-Continent objects to Mr. Klimas' opinion that "[a]dditionally, they are the types of defects that would have been discoverable through a reasonably-prudent engineering investigation, as in fact they were, as evidenced in part by the DART report." According to Trovillion, what Mr. Klimas is saying here is that the types of problems identified in the DART report were necessarily discoverable because they were discovered. It argues that one doesn't have to be an expert to reach this conclusion. Again, the Court disagrees. When Mr. Klimas opines about what "a reasonably prudent engineering investigation" would discover he is basing his opinion on his own specialized knowledge. Accordingly, this sentence in paragraph 9 of the Klimas' affidavit is STRICKEN.

Lastly, Mid-Continent objects to Mr. Klimas' statement that: "Finally, in my review of the project file and documents provided to me, there was further evidence that water intrusion causing property damage was evident to the homeowners and discussed at their homeowner meetings by April 2008." According to Trovillion, this opinion is based upon records of Association meetings showing that by April 2008, residents were complaining about water intrusion. (Doc. 81, p. 5). The Court agrees with Trovillion that no expertise is required to read the Association's records and recognize that they contain this information. Therefore, the motion to strike this sentence from paragraph 9 of the Klimas' affidavit is DENIED.

IT IS SO ORDERED.

DONE AND ORDERED in Orlando, Florida, on October 8, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel