UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TROVILLION CONSTRUCTION &
DEVELOPMENT, INC. and CASA
JARDIN CONDOMINIUM
ASSOCIATION, INC.,

      Plaintiffs,

v.                                                     Case No:  6:12-cv-914-Orl-37TBS

MID-CONTINENT CASUALTY
COMPANY,

      Defendant.

_____

## REPORT AND RECOMMENDATIONS

On January 17, 2014, the Court entered summary judgment for Defendant Mid-Continent Casualty Company ("Mid-Continent") and against Plaintiffs Trovillion Construction & Development, Inc. ("Trovillion") and Casa Jardin Condominium Association, Inc. (the "Association"). (Doc. 117).  The case is now before me for a report and recommendations on Defendant's Verified Motion to Tax Attorney's Fees and Costs. (Doc 117).

BACKGROUND

The Association sued Trovillion in state court for building code violations, breach of statutory warranties, and deceptive and unfair trade practices in connection with the development and construction of the Casa Jardin Condominium Complex.  (Doc. 48 ¶ 14).  Trovillion requested a defense and indemnity from its insurers, Mid-Continent, and Endurance American Specialty Insurance Company ("Endurance").  (Id. ¶¶ 12-13; Doc. 56-1).  Mid-Continent investigated the Association's lawsuit under a reservation of rights

and denied coverage.  (Id. ¶ 16).  Endurance agreed to defend Trovillion.  (Doc. 118-9 at 5).

While the Association's lawsuit was pending, Trovillion filed this action against Mid-Continent and the Association, seeking a declaratory judgment that Mid-Continent's denial of insurance coverage was unfounded (Count I); and damages for breach of certain policies of insurance (Count II).[1]  (Doc. 2; Doc. 48).  Mid-Continent invoked the Court's diversity jurisdiction to remove the case to this Court.  (Doc. 1).

On January 16, 2013, the Association settled its lawsuit against Trovillion on the terms contained in a Settlement Agreement, Assignment, and Covenant Not to Execute (the "Agreement").  (Doc. 67-10).  In the Agreement, Trovillion promised to: (1) pay a sum of money to the Association; (2) consent to the entry of a $1,800,000 state court judgment in favor of the Association and against Trovillion; and (3) if Trovillion recovered more than $710,000 from Mid-Continent in this case, then it would divide those proceeds with the Association.  (Id. at 1-2).  In return, the Association promised to not record or execute on the consent judgment against Trovillion.  (Id. at 4).  The state court approved the Agreement and entered the $1,800,000 consent judgment on January 17, 2013.  (Doc. 67-9 at 2-3).

On March 28, 2013, Mid-Continent made the following offer of judgment to Trovillion to settle this case:

> 1.  The Offer is made by MCC to Triovillion pursuant to Rule 68 of the Federal Rules of Civil Procedure and Florida Statute §768.79.

---

[1] The Association was included as a nominal and necessary party in interest.  (Docs. 23-24).  The Court subsequently realigned the Association as a plaintiff.  (Doc. 113 at 6-7).

2.  This Offer is made in full and complete settlement of the above captioned matter, including but not limited to, all claims for compensatory damages, past, present, or future, costs and attorney's fees, and any all [sic] other claims that have or could have been asserted in either law or equity.

3.  The Offer resolves all claims that Trovillion asserted or could have asserted against MCC in connection with the complaint, and under the MCC policy(ies) of insurance.

4.  Trovillion's acceptance of this Offer is contingent upon Trovillion providing MCC with a full and complete release of all claims that Trovillion had, has, or could have been asserted by them against MCC in connection with the underlying claims and/or construction matter at issue in this case. (Release is attached as Exhibit "A").

5.  The total amount of the Offer to Trovillion is Five Thousand Dollars ($5,000.00) and includes all claims for attorney's fees and costs.

6.  Although the general release will release all claims for punitive damages as none has been asserted in this action.

7.  This Offer remains open for the time period provided for in Federal Rule of Civil Procedure 68, as well as calculated by the Federal Rules of Civil Procedure.

(Doc. 117-1 at 1-2).  Exhibit "A" to the offer of judgment is a general release which includes a term requiring that "[a]ll matters relating to the existence, terms and negotiations of this Release shall remain confidential between the parties and shall be disclosed only as required ..."  (Doc. 117-1 ¶ 8).  Trovillion did not accept the offer of judgment.  (Id. at 2).

The parties subsequently filed cross-motions for summary judgment and on

January 17, 2014, the Court granted Mid-Continent's motion, denied Trovillion's motion, and directed the clerk to enter judgment in favor of Mid-Continent.  (Doc. 66; Doc. 67; Doc. 113 at 18).  In its Order, the Court awarded Mid-Continent costs.  (Doc. 113 at 18).

## TAXATION OF COSTS

Under the Federal Rules of Civil Procedure, the prevailing party is generally entitled to an award of all taxable costs incurred in litigating a dispute.  See F ED. R. CIV. P. 54(d)(1). Trovillion objects to the award of costs to Mid-Continent on the grounds that it did not file a bill of costs, and "to the award of any costs which are not allowable pursuant to 28 U.S.C. § 1920." (Doc. 121 at 2).  Trovillion cites no legal authority for the proposition that a bill of costs is a necessary perquisite to an award of costs by the Court, and it does not specifically object to any item of costs requested by Mid-Continent.

Title 28 U.S.C. § 1920 includes a list of recoverable costs.  See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 437-45 (1987).  The statute provides:

> A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title [28 USCS § 1923]; [and] (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title [28 USCS § 1828].

28 U.S.C. § 1920.

Mid-Continent seeks and award of $16,602.13 in deposition transcript and court

reporter fees for the transcription of depositions obtained for use in the case.  Deposition

costs are authorized by § 1920(2) if the deposition was necessarily obtained, in whole or

in part, for use in the case.  E.E.O.C. v. W&O, Inc., 213 F.3d 600, 620 (11th Cir. 2000).

Because Trovillion does not contest the necessity of these depositions, I find that Mid-

Continent is entitled to recover $16,602.13 in deposition costs.

Mid-Continent is also requesting $14,651.51 in photocopying and printing costs for

photocopies of discovery material provided to it in electronic format, and photocopies of

papers obtained from the state court clerk of court.  Costs incurred for copies that pertain

to discovery are recoverable under § 1920(4); E.E.O.C., 213 F.3d at 623.  Conversely,

"[c]osts such as general copying, computerized legal research, [courier/]postage,

courthouse parking fees and expert witness fees . . . are clearly nonrecoverable under §

1920."  Gary Brown & Assocs. v. Ashdon, Inc., Nos. 06-15262, 07-10167, 2008 WL

612672, at *7 (11th Cir. Mar. 7, 2008).  Because Trovillion does not deny that these

copying charges are properly awarded to Mid-Continent, I recommend the Court award

Mid-Continent $14,651.51 in photocopying costs.

Finally, Mid-Continent seeks, and Trovillion has not disputed its entitlement to,

reimbursement of a $40 witness fee; $1,170 in subpoena service fees; and the $350

removal filing fee.  I find that all of these costs are recoverable and recommend Mid-

Continent be awarded $1,560 for these items.  See E.E.O.C., 213 F.3d at 624.

## ENTITLEMENT TO ATTORNEY'S FEES

Mid-Continent claims that Trovillion owes it more than $300,000 in attorney's fees

based upon Trovillion's failure to accept the offer of judgment.  (Doc. 117 at 7).  On

5

motion made by Trovillion, the Court bifurcated the issues of entitlement to and amount of attorney's fees.  (Doc. 128; Doc. 130).  Accordingly, this report and recommendation only discusses Mid-Continent's entitlement to fees.

Florida Statute § 768.79, which provides for the making of an offer of judgment, states in part:

> (1) In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him or on the defendant's behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attorney's fees against the award.
> . . . .
>
> (6)(a) If a defendant serves an offer which is not accepted by the plaintiff, and if the judgment obtained by the plaintiff is at least 25 percent less than the amount of the offer, the defendant shall be awarded reasonable costs, including investigative expenses, and attorney's fees, calculated in accordance with the guidelines promulgated by the Supreme Court, incurred from the date the offer was served, and the court shall set off such costs in attorney's fees against the award. When such costs and attorney's fees total more than the amount of the judgment, the court shall enter judgment for the defendant against the plaintiff for the amount of the costs and fees, less the amount of the award to the plaintiff.

FLA. STAT. §768.79(1), (6).[2]

_____

[2] In Florida, offers of judgment, also known as proposals for settlement, are also subject to Florida Rule of Civil Procedure 1.442, which provides, inter alia, that:

(c)(1) A proposal [for settlement] shall be in writing and shall identify the applicable Florida law under which it is being made.

(2) A proposal shall:

To be valid and enforceable, the offer must "(a) [b]e in writing and state that it is being made pursuant to this section[;] (b) [n]ame the party making it and the party to whom it is being made[;] (c) [s]tate with particularity the amount offered to settle a claim for punitive damages, if any[; and] (d) [s]tate its total amount." FLA. STAT. §768.79(2). Mid-Continent's offer of judgment satisfied these statutory requirements.

In Diamond Aircraft Indus., Inc. v. Horowitch, the Florida Supreme Court said "section 768.79 does not apply to an action in which a plaintiff seeks both damages and equitable relief, and in which the defendant has served a general offer of judgment that seeks relief of all claims." 107 So. 3d 362, 374 (Fla. 2013).  The court explained that " [t]he language of section 768.79, as well as Florida Rule of Civil Procedure 1.442, must be strictly construed because those provisions are in derogation of the common law rule that a party is responsible for its own attorney's fees, and because they are penal in nature."

---

(A) name the party or parties making the proposal and the party or parties to whom the proposal is being made;

(B) identify the claim or claims the proposal is attempting to resolve;

(C) state with particularity any relevant conditions;

(D) state the total amount of the proposal and state with particularity all nonmonetary terms of the proposal;

(E) state with particularity the amount proposed to settle a claim for punitive damages, if any;

(F) state whether the proposal includes attorneys' fees and whether attorneys' fees are part of the legal claim; and

(G) include a certificate of service in the form required by rule 1.080.

FLA. R. CIV. P. 1.442(c).

Id. at 372.  It also noted that "[c]ourts have routinely held that the phrase in section 768.79(1) which states 'in any civil action for damages' is applicable to a claim in a civil action in which a party seeks only damages, i.e., monetary relief."  Id. at 373.

When Mid-Continent made its offer of judgment, Count I of Trovillion's amended complaint sought a declaratory judgment that: (1) Mid-Continent was obligated to provide Trovillion a defense in the Association's state court lawsuit; (2) a declaration that Mid-Continent was obligated to indemnify Trovillion for any damages assessed in favor of the Association; (3) other relief the Court deemed proper; and (4) attorney's fees and costs. (Doc. 24 at 6-7).  According to Trovillion "the 'real issue' in a duty to defend declaratory judgment case is not the payment of money" and "[a]lthough the duty to indemnity (i.e., a determination of coverage) is indirectly about money . . . such a claim is not a 'claim for damages' under sec. 768.79."  (Doc. 121 at 7) (citing Nat. Indem. Co. of the S. v. Consol. Ins. Svcs., 778 So. 2d 404 (Fla. 4th DCA 2001)).  Trovillion reasons that Mid-Continent's offer of judgment was therefore, precluded by the relief Trovillion was seeking in Count I.

In analyzing the offer of judgment statute, Florida's Supreme Court cited with approval, the holdings in Nelson v. Marine Grp. of Palm Beach, Inc., 677 So. 2d 998, 999 (Fla. 4th DCA 1996) and DiPompeo Constr. Corp. v. Kimmel & Assoc., Inc., 916 So. 2d 17, 17-18 (Fla. 4th DCA 2005).  In Nelson, the court found that section 768.79 was applicable even though declaratory relief was sought because the "only matter at issue" concerned the parties' entitlement to certain funds in an escrow account.  677 So. 2d at 999.  In DiPompeo, the court upheld an offer of judgment in a declaratory judgment action because it said, the real issue was one of damages (specifically, the payment of a

commission).  In keeping with these decisions, the Court looks beyond what Trovillion alleged in the amended complaint and considers the actual status of the controversy when the offer of judgment was made.

By the time Mid-Continent made its offer of judgment, Trovillion and the Association had settled their dispute and the state court had entered the consent judgment.  Once the consent judgment was entered, Mid-Continent's alleged duty to defend Trovillion ceased to be an issue.  At that point, the real issue in this case was Trovillion's claim to recover the amount due on the consent judgment from Mid-Continent, regardless of what claims were alleged in the amended complaint.  Trovillion's lawyer admitted this at a hearing on April 29, 2013, when he said:

> If I may, Your Honor, the original Complaint that was filed here
> - - or in the state court and then removed to Your Honor's
> jurisdiction did include a claim for indemnity.  So this was not
> simply a duty-to-defend case.  There was a very clear claim
> for indemnity made with the original Complaint that was filed
> for coverage instead of just a duty to defend.  We agree that
> the duty to defend, now that the case has settled, has become
> moot.

(Doc. 127-1 at 10-13) (emphasis added).  Accordingly, Trovillion's declaratory judgment claim does not preclude the application of Section 768.79.  By the time the offer of judgment was made, this case had become all about the recovery of damages by Trovillion from Mid-Continent.  Hon Realty Corp v. First American Title Ins. Co., 403 F. App'x 421, 422-23 (11th Cir. 2011); DiPompeo, 916 So. 2d at 17-19; Nat. Indem. Co. of the South v. Consol. Ins. Svcs., 778 So. 2d 404, 408; Nelson, 677 So. 2d at 999.

Trovillion also contends that the offer of judgment is invalid because it includes a

release with a confidentiality agreement, which is a non-monetary term of indefinite value. (Doc. 121 at 7-9).  It argues that the inability to place a value on the term requiring confidentiality thwarts any attempt to make the mathematical calculation necessary to uphold the offer.  (Id.).  Trovillion's argument relies upon the decisions in Dryden v. Pedemonti, 910 So. 2d 854 (Fla. 5th DCA 2005); Zalis v. M.E.J. Rich Corp, 797 So. 2d 1289 (Fla. 4th DCA 2001); and Earnest & Stewart, Inc. v. Codina, 732 So. 2d 364 (Fla. 3d DCA 1999) abrogated on different point by  State Farm Mut. Auto. Ins. Co. v. Nichols, 932 So. 2d 1067 (Fla. 2006).  These cases all predate the Florida Supreme Court's decision in State Farm Mutual Auto. Ins. Co. v. Nichols, 932 So.2d 1067 (Fla. 2006).

In Nichols, the court held that releases are nonmonetary terms that are permissible in offers of judgment so long as they comply with F LA. R. CIV. P. 1.442(c)(2)(C)-(D)'s requirement that nonmonetary terms be stated with particularity.  Id. at 1078.  The court said even though releases typically contain expansive language, they can be sufficiently particular to satisfy Rule 1.442.  Id. at 1779.  Here, Trovillion knew the precise conditions of confidentiality required as a part of Mid-Continent's offer of judgment because the release was incorporated into the offer.  Therefore, the offer was "sufficiently clear and definite to allow [Trovillion] to make an informed decision without needing clarification." Nichols, 932 So. 2d at 1079.  For this reason, I reject Trovillion's argument that the inclusion of the confidentiality provision in the release made the offer of judgment invalid.

RECOMMENDATION

Based upon the foregoing, I respectfully recommend that the district court:

(1) Award Mid-Continent a total of $32,813.64 in taxable costs pursuant to 28

U.S.C. § 1920; and

(2) Find that Mid-Continent is entitled to recover attorney's fees from Trovillion unless the Court decides, in the future, that the offer of judgment was not made in good faith.

If the Court accepts this report and recommendations, then I am prepared to hold an evidentiary hearing on the reasonableness of the amount of fees requested (including whether or not the offer of judgment was made in good faith), and submit a further report and recommendations on those issues.

Specific written objections to this report and recommendations may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendations.  Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

RESPECTFULLY RECOMMENDED at Orlando, Florida on April 16, 2014.

THOMAS B. SMITH
United States Magistrate Judge


Copies furnished to:

    Presiding United States District Judge
    Counsel of Record

11