**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

TROVILLION CONSTRUCTION &
DEVELOPMENT, INC.; and CASA
JARDIN CONDOMINIUM
ASSOCIATION, INC.,

        Plaintiffs,

v.                                       Case No. 6:12-cv-914-Orl-37TBS

MID-CONTINENT CASUALTY
COMPANY,

        Defendant.

## ORDER

This cause is before the Court on the following:

1. Defendant Mid-Continent Casualty Company's Verified Motion to Tax Attorney's Fees and Costs (Doc. 117), filed February 4, 2014;

2. Plaintiff's Response in Opposition to Defendant Mid-Continent Casualty Company's Verified Motion to Tax Attorney's Fees and Costs (Doc. 121), filed February 18, 2014;

3. Defendant Mid-Continent's Reply Memorandum of Law in Support of Its Verified Motion to Tax Attorney's Fees and Costs (Doc. 127), filed March 7, 2014;

4. Magistrate Judge Thomas B. Smith's Report and Recommendation (Doc. 131), filed April 16, 2014;

5. Plaintiff's Objections to Report and Recommendations of Magistrate Judge (Doc. 132), filed April 29, 2014; and

6.	Defendant Mid-Continent's Response to Plaintiff's Objections to Report and Recommendations of Magistrate Judge (Doc. 133), filed May 16, 2014.

## BACKGROUND

In 2010, Trovillion Construction & Development, Inc. ("Trovillion"), a general contractor, was sued in state court for the defective construction of a Winter Park condominium complex. (Doc. 48-6.) Trovillion tendered its defense to Mid-Continent Casualty Company ("MCC"), its former commercial general liability insurer, but MCC denied coverage and declined to defend. (*See* Doc. 48-7.) Thereafter, Trovillion filed this suit against MCC,[1] seeking: (1) a declaration that MCC had contractual duties to defend and indemnify Trovillion in the ongoing state court litigation; and (2) damages arising out of the breach of those duties, including Trovillion's state court attorney's fees. (Doc. 24, pp. 6–8.)

On January 16, 2013, Trovillion settled the state court lawsuit by, *inter alia*, agreeing to the entry of a $1,800,000 consent judgment. (Doc. 67-10.) After the settlement but before Trovillion had amended its complaint in this case to reflect the updated status of the controversy, MCC offered Trovillion $5,000 to settle this case in its entirety. (Doc. 117-1, pp. 1–2 (citing Fla. Stat. § 768.79).) Trovillion declined the offer. (Doc. 117-2, ¶ 6.)

Ultimately, the Court granted summary judgment in favor of MCC. (Doc. 113.) MCC then moved for attorney's fees, arguing that Trovillion's rejection of the proposal for settlement and subsequent failure to recover at least 75% of the amount of that proposal

---

[1] Trovillion originally filed this action in state court, but MCC removed on diversity grounds. (Docs. 1–2.)

entitles it to attorney's fees under Florida Statute § 768.79.[2] (Doc. 117, pp. 7–15.) Trovillion opposed, arguing that § 768.79 does not apply to actions in which a plaintiff seeks both monetary and non-monetary relief, and thus Trovillion's inclusion of declaratory judgment claims in its complaint shields it from an award of fees under that statute. (Doc. 121, pp. 4–9 (citing *Diamond Aircraft Indus. v. Horowitch*, 107 So. 3d 362, 374–75 (Fla. 2013)).) Trovillion also argued that the proposal for settlement was invalid because it contained a confidentiality provision which could not be monetarily quantified. (*Id.* at 7–9.)

The Court referred the motion to Magistrate Thomas B. Judge Smith, who bifurcated the issues of fee entitlement and amount. (Doc. 130.) Magistrate Judge Smith then issued a Report and Recommendation ("R&R") in which he recommended that the Court find that MCC is entitled to attorney's fees, but that the amount should be determined at a subsequent evidentiary hearing. (Doc. 131, p. 11.) In so recommending, the Magistrate Judge reasoned that, regardless of whether the pleadings accurately represented the state of the controversy between the parties at the time, when Trovillion received the offer of judgment, "the real issue in this case was Trovillion's claim to recover the amount due on the consent judgment from [MCC]." (*See id.* at 8–9.) The Magistrate Judge therefore concluded that this case was strictly a "civil action for damages" and thus the § 768.79 applies. (*See id.*) Additionally, the Magistrate Judge rejected Trovillion's argument that the inclusion of a confidentiality provision in the proposal for settlement

---

[2] MCC also moved for costs. (Doc. 117, pp. 2–7.) The Magistrate Judge recommended granting the motion for costs (Doc. 131, pp. 4–5), and Trovillion does not object (Doc. 132, p. 1). Accordingly, upon review, the Court finds that costs are due to be granted.

also renders § 768.79 inapplicable. (*Id.* at 9–10.)

Trovillion now objects to those portions of the R&R. (Doc. 132.) MCC has responded. (Doc. 133.) The matter is ripe for the Court's adjudication.

## STANDARDS

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues based on the record independent of the magistrate judge's report. *Ernest S. ex rel. Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

## DISCUSSION

Trovillion primarily argues that, because § 768.79 applies only to "civil action[s] for damages," the declaratory relief that Trovillion has consistently requested in this action precludes application of the statute. (*See* Doc. 132, pp 5–10.) Trovillion therefore contends that the Magistrate Judge misapplied Florida law when he reached a contrary conclusion. (*Id.* at 2.)

On *de novo* review, the Court agrees with the Magistrate Judge. In construing the term "civil action for damages," Florida courts have consistently "looked behind the procedural vehicle used to bring the lawsuit and focused on whether the 'real issue' in the case is one for damages." *DiPompeo Constr. Corp. v. Kimmel & Assocs.*, 916 So. 2d 17, 18 (Fla. 4th DCA 2005). Irrespective of how Trovillion framed the issues in its pleadings, the Magistrate Judge correctly determined that, at the time of MCC's proposal for

settlement, the "real issue" in this case was damages—specifically, indemnification from the state court judgment.

This case has *always* been about damages. While the parties place great weight on the settlement of the underlying lawsuit—arguing that it mooted the claim in the then-operative complaint which sought a declaration as to MCC's ongoing duty to defend in the underlying suit—Trovillion's declaratory judgment claims never took this case outside of the ambit of § 768.79. For the purpose of § 768.79, Florida courts divide declaratory judgment claims into two categories: (1) those which have value independent of any monetary recovery; and (2) those which simply serve as a predicate for a separate claim for damages. *See Palm Beach Polo Holdings, Inc. v. Equestrian Club Estates Prop. Owners Ass'n*, 22 So. 3d 140, 143 (Fla. 4th DCA 2009). The former category precludes an award of attorney's fees, while the latter does not. *See id.* at 143–44 (citing *Nelson v. Marine Grp. of Palm Beach, Inc.*, 677 So. 2d 998, 999 (Fla 4th DCA 1996). The declaratory judgment claims in this case have always fallen into the latter category. Tellingly, while Trovillion initially sought a declaration that MCC had a contractual duty to defend it in the underlying suit and indemnify it from damages, it has only ever sought damages for the breach of those duties. (Doc. 2, pp. 6–7; Doc. 24, pp. 6–7; Doc. 48, pp. 8–9); *see also Nelson*, 677 So. 2d at 999 (holding that a plaintiff's declaratory judgment action qualified as an action for damages because the real issue was the plaintiff's entitlement to liquidated damages under a contract). Unlike the plaintiffs in its cited authority, Trovillion has never sought specific performance, injunctive relief, or any other equitable remedy which would have required MCC to actually provide and control

a defense in the underlying suit.[3] *Cf. Horowitch v. Diamond Aircraft Indus., Inc.*, No. 6:06-cv-1703-Orl-19KRS, 2010 WL 2136475, at *1 (M.D. Fla. May 27, 2010) (seeking specific performance). In short, the record reflects that the "real issue" in this case has always been monetary relief, and thus this case has been a "civil action for damages" from start to finish.

Additionally, the Court agrees with the Magistrate Judge that the confidentiality provision of the proposal for settlement was stated with sufficient particularity and thus does not render the proposal unenforceable. (*See* Doc. 131, p. 10 (citing *State Farm Mut. Auto. Ins. Co. v. Nichols*, 932 So. 2d 1067, 1079 (Fla. 2006)).)

## CONCLUSION

In sum, the Court finds that Trovillion's objections (Doc. 132) are due to be overruled and Magistrate Judge Smith's well-reasoned R&R (Doc. 131) is due to be adopted and confirmed.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Plaintiff's Objections to Report and Recommendations of Magistrate Judge (Doc. 132) are **OVERRULED**.

2. Magistrate Judge Thomas B. Smith's Report and Recommendation (Doc. 131) is **ADOPTED AND CONFIRMED** and made a part of this Order.

3. Defendant Mid-Continent Casualty Company's Verified Motion to Tax Attorney's Fees and Costs (Doc. 117) is **GRANTED IN PART**.

    a. The motion is **GRANTED** as to the request for costs. *See supra*

---

[3] This is likely because Trovillion also tendered its defense to its other commercial general liability insurer, Endurance American Specialty Insurance Company, which retained counsel and provided Trovillion with a defense. (*See* Doc. 66, p. 5.)

        note 2. The Clerk is **DIRECTED** to enter a judgment taxing costs in favor of Defendant Mid-Continent Casualty Company and against Plaintiff Trovillion Construction & Development, Inc. in the total amount of $32,813.64.

    b. The Court **DEFERS RULING** on the remainder of the motion pending further recommendation from the Magistrate Judge as to the reasonableness of Mid-Continent Casualty Company's attorney's fees request.

4. Mid-Continent Casualty Company's Verified Motion to Tax Attorney's Fees and Costs (Doc. 117) remains **REFERRED** to the assigned U.S. Magistrate Judge for an R&R on the reasonableness of the amount of attorney's fees requested.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 16, 2014.

*[signature]*

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record